**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ABSOLUTE COLOR, LTD. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-02221 |
| | § | |
| XEIKON AMERICA, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

Defendant, Xeikon America, Inc. ("Defendant" or "Xeikon"), hereby answers the First

Cause of Action of Plaintiff's Original Petition ("Complaint") only,[1] as follows:

### I.  DISCOVERY CONTROL PLAN

1.      Neither admitted or denied Texas Rules of Civil Procedure are inapplicable now

that this matter has been removed.

### II.  PARTIES

2.      Admitted.

3.      Admitted.

### III. JURISDICTION AND VENUE

4.      Neither admitted nor denied as paragraph 4 contains conclusions of law, not

allegations of fact, and therefore requires no response. Furthermore, the Texas Rules of Civil

Procedure do not apply as this matter has been removed.

---

[1] Concurrent with the filing of this Answer, Defendant has also filed a Partial Motion to Dismiss the remaining claims in the Complaint.

5.      Neither admitted nor denied as paragraph 5 contains conclusion of law, not allegations of fact and therefore requires no response.  Furthermore, the Texas Rules of Civil Procedure do not apply as this matter has been removed.

## IV. FACTUAL BACKGROUND

6.      Neither admitted nor denied as Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.      Defendant neither admits nor denies the allegations contained in the first sentence of paragraph 7 as it is without sufficient knowledge and/or information to form a belief as to their truth.  Defendant denies the allegations in second sentence in paragraph 7 of the Complaint.

8.      Defendant admits that it marketed its Xeikon 9800 Commercial Printing Press to Absolute. Defendant neither admits or denies the remaining allegations in paragraph 8 as Exhibit 1 to the Complaint speaks for itself.

9.      Defendant admits that the initial list price of the Xeikon 9800 was over $848,000. Defendant further admits that it offered Absolute a discount on the Xeikon 9800. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10.      Neither admitted nor denied as Exhibit 2 speaks for itself.

11.      Denied.

12.      Denied, particularly, Defendant denies that there were any "problems ".

13.      Defendant denies the allegations in paragraph 13, except admits that Xeikon has refused to take return of the Press or refund the purchase money as Plaintiff has breached the Sales Agreement.

### V. FIRST CAUSE OF ACTION: DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

14. Defendant restates and incorporates by reference its responses to the allegations contained in paragraphs 1-13 of the Complaint.

15. Defendant denies the allegations in paragraph 15, except Defendant is without knowledge or information sufficient to form a belief as to the truth of whether "Absolute is a consumer under the Deceptive Trade Practices Act."

16. Denied.

17. Denied.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE ONE

Plaintiff has failed to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSE TWO

Plaintiff is estopped from pursing the claims in the Complaint, in whole or in part, by reason of the Plaintiff's own actions and course of conduct.

### AFFIRMATIVE DEFENSE THREE

The Complaint, in whole or in part, is barred by the doctrine of laches.

### AFFIRMATIVE DEFENSE FOUR

The Complaint, in whole or in part, is barred by the doctrine of unclean hands because Plaintiff has breached the Sales Agreement.

### AFFIRMATIVE DEFENSE FIVE

To the extent Plaintiff has suffered any damages in this matter (which Defendant denies), Plaintiff has failed to mitigate its damages.

## AFFIRMATIVE DEFENSE SIX

The Complaint, in whole or in part, is barred by Plaintiff's failure to give written pre-suit notice of the DTPA claim.

## AFFIRMATIVE DEFENSE SEVEN

This transaction is exempt from the DTPA pursuant to the exempt transaction defense for transactions of more than $100,000.

## AFFIRMATIVE DEFENSE EIGHT

Discovery in this matter is continuing and may disclose additional defenses or counter-claims of which Defendant is not presently aware. Defendant reserves the right to amend its pleading to modify or expand existing defenses, or to add new or different defenses, as appropriate.

## COUNTERCLAIM

### I. PARTIES

1.      Counter-Plaintiff, Xeikon America, Inc., is a Delaware corporation with its principal place of business located in Itasca, Illinois.

2.      Upon information and belief, Counter-Defendant, Absolute Color, Ltd., is a Texas limited liability company with its principal place of business in Harris County, Texas.

### II. JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367(a).  Venue is proper in this District pursuant to 28 USC § 1391(b).

### III. FACTUAL BACKGROUND

4.      Xeikon is an innovator in digital printing technology.

5.      Absolute is a commercial printing company, primarily providing wholesale printing.

6.      On or about November 15, 2017 Xeikon and Absolute entered into a confidential Sales Agreement, a true and accurate copy of which is attached hereto as Exhibit A, for the purchase and sale of the Xeikon 9800 Commercial Printing Press (the "Press").

7.      Xeikon sold the Press to Absolute, and Absolute agreed to pay Xeikon the discounted price of $475,545.00.

8.      Absolute agreed to pay Xeikon in the following three installment payments:

   a.   20% Initial Deposit to confirm order - $95,109,

   b.   60% Prior to shipment of equipment from Xeikon facility - $285,327,

   c.   20% Upon delivery, installation and customer acceptance - $95,109.

9.      Pursuant to the terms of the Sales Agreement, the Press was shipped, installed, and accepted by Absolute.

10.     Xeikon shipped the Press to Absolute on December 28, 2017.

11.     The Press was installed on February 9, 2018.

12.     Addendum 4, Section 5 of the Sales Agreement specifically states that "The Equipment shall be deemed accepted by the Purchaser upon completion of installation or by production use by the Purchaser or whichever is earlier as determined by Seller."

13.     Pursuant to the terms of the Sales Agreement, Absolute accepted the Press on February 9, 2018, "upon completion of installation" and/or "by production use[.]"

14.     Absolute has failed and refused to pay Xeikon the outstanding balance of $95,109 following acceptance of the Press.

15.     Absolute's failure to pay the remaining balance is a breach of the parties Sales Agreement.

## COUNT 1 – BREACH OF CONTRACT

16.     Xeikon restates and incorporates by reference the factual allegations in paragraphs 1-15 of this Counterclaim as if fully set forth herein.

17.     The Sales Agreement is a valid and enforceable contract.

18.     Claimant breached the Sales Agreement by failing to pay the final installment payment of $95,109.

19.     Absolute's failure to pay the amount due and owing constitutes a breach of contract.

20.     Xeikon has fulfilled and performed all of its obligations due and owing to Absolute; however Absolute has not fulfilled its obligations to Xeikon.

21.     Absolute's failure to perform under the Sales Agreement has caused Xeikon damage.

WHEREFORE, Xeikon, respectfully requests that the Court enter judgment in its favor of breach of contract, and against Absolute , and award Xeikon damages in the amount of $95,109, including interests, attorneys' fees, and any such additional and further relief that this Court deems proper and just.

## COUNT 2 – QUANTUM MERUIT

22.     Xeikon restates and incorporates by reference the factual allegations in paragraphs 1-21 of this Counterclaim as if fully set forth herein.

23.     Xeikon has rendered valuable products and services to Absolute in the form of the Press and installation of the Press.

24.     Absolute accepted the Press without objection, and enjoyed the benefits thereof, and under the circumstances it would be inequitable for Absolute to retain the benefit without paying therefor.

6

25.     Absolute was aware that Xeikon expected to be compensated for the Press and installation it provided.

26.     Absolute has failed to pay for the Press supplied by Xeikon. Consequently, Absolute has been unjustly enriched.

27.     Xiekon is entitled to the reasonable value of the Press it has provided to Absolute.

WHEREFORE, Xiekon requests that the Court enter judgment in its favor for the reasonable value of the Press it provided to Absolute, plus pre judgment interest, to the extent permitted by law, court costs, and such other relief as this Court deems just and reasonable.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

RESPECTFULLY SUBMITTED,

HOLLAND & KNIGHT LLP

*/s/ Annapoorni R. Sankaran*
Annapoorni R. Sankaran
State Bar No. 24071918
anna.sankaran@hklaw.com
Andrea James
State Bar No. 24092571
andrea.james@hklaw.com
1100 Louisiana Street, Suite 4300
Houston, TX 77002
Phone: (713) 821-7000
Fax:     (713) 821-7001

ATTORNEYS FOR DEFENDANT
XEIKON AMERICA, INC.

## <u>CERTIFICATE OF SERVICE</u>

I certify that true and correct copies of the foregoing were forwarded to all counsel of record via e-filing and by electronic mail on the 6th day of July, 2018.

Keith Remels
2700 Post Oak Blvd., Suite 1750
Houston, TX 77056
Kremels@dowgolub.com


<u>*/s/ Annapoorni Sankaran*</u>
Annapoorni Sankaran

8